HUTCHINSON V. HUTCHINSON.

| 16 | 349 |
| f38 | 391 |

1. DEED — RECORD NOT ESSENTIAL TO VALIDITY.— The recording of a deed is not essential to its validity. A deed duly executed and delivered, although unrecorded, can be enforced against a subsequent purchaser for value who buys w th actual notice of its existence.

2. CONVEYANCE BY HUSBAND TO WIFE — WIFE A COMPETENT WITNESS TO PROVE DELIVERY OF DEED.— In an action between a married woman and a third party involving the title to real estate, she may, under our statute, testify to the delivery of a deed to her by her husband, although such delivery took place during the existence of the marital relation.

*Appeal from District Court of Lake County.*

THE record in this case shows that on and prior to March 5, 1884, Asa B. Hutchinson was the owner in fee of a certain lot in the city of Leadville, at which date he executed and delivered a deed for the same to his wife, the plaintiff and appellee herein. After the execution and delivery of this deed, and upon the day of the execution thereof, the plaintiff and her husband left Leadville for the

city of Denver, and while in Denver, and on the 6th day of March, 1884, the plaintiff gave to her husband a receipt which reads as follows:

"Denver, Colorado, March 5, 1884.

"Received of Asa B. Hutchinson a certain deed made at 5th of March, 1884, in the city of Leadville, Colorado, deed of lot 10, block D, and mortgaged description of lot 11, block D, both of said lots in Stevens & Leiter's subdivision of United States survey No. 271, situated on south side of East Fourth street, between Harrison avenue and Poplar street, in the city of Leadville, Colorado, said deed to be delivered to Jervis Joslin, of Leadville, Colorado, for safe-keeping, subject to said Asa B. Hutchinson's order, and to be unrecorded during Asa B. Hutchinson's life.

"J. C. Hutchinson.

"Witness: E. L. Betts."

That in pursuance of the terms of said receipt, the plaintiff, on her return from Denver to the city of Leadville, deposited said deed with Joslin & Park, jewelers in said city, for safe-keeping, and took from said Joslin & Park a receipt therefor.

Subsequent thereto, and on the 10th day of June, 1884, said Asa B. Hutchinson executed and delivered a warranty deed for said premises to O. D. Hutchinson, his son by a former marriage, which deed was duly recorded on the 21st of June, 1884. On the 10th day of July, 1884, the plaintiff withdrew the deed first above mentioned from the custody of Joslin & Park, and placed the same upon record. Thereupon this suit was commenced; plaintiff alleging that she was the owner in fee of said premises by virtue of the deed executed and acknowledged by her husband, and delivered to her, and charging the conveyance by the same grantor to his son to have been in fraud of her rights and a cloud upon her title to the property. Trial was had and a decree entered in favor of the plaintiff, to reverse which decree this appeal is brought to this court.

The evidence establishes the due execution and delivery

of the deed to Mrs. Hutchinson upon the 5th day of March, 1884. It also appears from the evidence that at the time of the execution and delivery of the deed from her husband there was a house upon the deeded property, but as to whether this house was erected thereon by the husband or by the wife is not definitely shown. It does appear, however, that the house was held and occupied by Mrs. Hutchinson, and that she put many improvements upon the lot with the understanding and promise on the part of her husband that it should be her property.

Upon receiving notice that the deed to appellant had been placed upon record, appellee procured the deed to her, which up to this time had remained in the custody of Joslin & Park, and filed the same for record. Thereupon she brought this suit to remove the cloud upon her title created by the deed to appellant. Judgment for plaintiff.

Mr. C. C. Parsons and Mr. D. C. Lyles, for appellant.

Mr. Clinton Reed and Mr. T. A. Green, for appellee.

Mr. Justice Hayt delivered the opinion of the court.

Under our laws a husband may convey title to real estate direct to his wife with the same freedom as to a third person. It is not essential that a deed be recorded in order to pass title. By the execution and delivery of the deed to appellee upon March 5th the title vested immediately in her. The recording of the deed was not essential to its validity. A deed duly executed and delivered, although unrecorded, can be enforced against a subsequent purchaser for value who buys with actual notice of its existence. The subsequent deposit of the deed with Joslin & Park by Mrs. Hutchinson, without consideration, and the written receipt given by her, did not divest her previously acquired title to the premises. Gen. Stat., sec. 215; Am. & Eng. Enc. of Law, vol. 5, p. 451.

Appellant admitted while upon the witness stand that he

had actual notice of the contents of the receipt of March 6th, and therefore he must be held to have had ample notice of the title under which Mrs. Hutchinson held the property. In addition to this, she was then in the actutal and exclusive possession of the premises, and so remained in possession up to the time of trial.

Asa B. Hutchinson, the grantor in both deeds, died prior to the trial. We are unable to ascertain from the record the exact date of his death. We infer from the testimony, however, that it occurred shortly after the execution of the deed to his son, bearing date June 10, 1884. Upon the trial Mrs. Hutchinson was allowed in rebuttal, against objection, to testify in reference to certain transactions with her husband during his life-time in relation to the property, and this, in the opinion of counsel for appellant, raises the most important question appearing upon the record. As to whether the testimony was offered as a part of the main case or in rebuttal is quite immaterial. The conduct of the trial and the time and manner of the examination of witnesses is largely a matter within the discretion of the trial court. In this case we cannot say that such discretion was abused.

By our modern statutes the rights and privileges of married women in reference to property have been very much enlarged. She may now, with us, own, buy, sell and hold property, both real and personal, in her own right, the same as if she were not married. These rights necessarily required a modification of the common-law rule in reference to evidence. And such modification has been made by statute. Mrs. Hutchinson was not permitted against objection to testify to communications between herself and husband; the testimony objected to was in reference to the delivery of the deed to her by her husband. This being the nature of the evidence, we think it was properly admitted.

The testimony of O. D. Hutchinson, the grantee in the second deed, in reference to statements made to him by counsel and others as to the legal effect and purport of the receipt signed by Mrs. Hutchinson, were properly excluded.

We discover no substantial error upon the record. The evidence fully justifies the findings of the court below, and the judgment must be affirmed.

*Affirmed.*